**COOPER et al. v. AMERADA PETROLEUM CORPORATION et al.**

**No. 9417.**

Court of Civil Appeals of Texas. Austin.

Nov. 3, 1943.

Rehearing Denied Nov. 24, 1943.

M. H. Barton, of Overton, for appellants.

Harry D. Page and W. F. Semple, both of Tulsa, Powell, Wirtz, Rauhut & Gideon, of Austin, T. J. Lawhon, of Houston, and Black, Graves & Stayton, of Austin, for appellees.

McCLENDON, Chief Justice.

Rule 37 case; companion to No. 9416, Roosth v. Shell, Tex.Civ.App., 175 S.W.2d

653, this day decided, in that it presents the identical assignments of error, substantially the same factual situation, is controlled by the same holdings and requires the same decision as in that case.

The suit was brought January 7, 1941, by Amerada Petroleum Corporation and Deep Rock Oil Corporation, owners of an adjoining leasehold, against O. R. Cooper (the permittee), R&G (Roosth & Genecov Production Company, a corporation, the operator), Isadore (Isadore Roosth), individually and as trustee, and the Commission (Railroad Commission) to cancel a permit granted November 15, 1940, to prevent waste and confiscation, upon a .357-acre tract, a voluntary subdivision of the E. E. Moores 1.46-acre (which was in turn a voluntary subdivision of a larger tract), upon which there were already three producing wells, in the East Texas Oil Field. The suit also obtained cancellation of a permit to drill a well on another .838 voluntary subdivision of the 1.46-acre tract, but there was no appeal from that portion of the judgment and it requires no further notice. Isadore, individually and as trustee, filed a motion for continuance on May 14, 1942, based upon his being "suddenly called into the armed military services of the U. S. on April 27, 1942." No action was taken on this motion and Isadore appears to have been dropped from the suit as he is not mentioned in the judgment. In a second amended original petition, filed June 8, 1943, Isadore is omitted as a party defendant, and A. S. Genecov is listed as a party defendant along with the others (except Isadore) above named. The Texas Company and Ohio Oil Company, also owners of adjoining leases, intervened as parties plaintiff. July 11, 1942, Genecov and R&G filed a motion for continuance, based upon the military service of Isadore, and identical in its allegations with that filed in Roosth v. Shell, above. September 21, 1942, a 120-day postponement was granted on this motion. This motion was later renewed, set for hearing May 31, 1943, overruled June 1, 1943, and jury waived, and again overruled June 28, 1943. In a trial to the court the permit was cancelled and production thereunder enjoined. Only Genecov and R&G have appealed.

The first assignment (identical, as stated, with that in Roosth v. Shell, above) complains of overruling the motion for continuance on the ground of Isadore's military service.

There was this additional stipulation in this case: "That Defendants had present in the court room Mr. Frank Spillar, a petroleum engineer of Tyler, Texas, together with his maps and data and exhibits, and that he was retained by the Defendants to offer testimony in their behalf." Spillar was not used as a witness by defendants, and they offered no testimony in refutation of that of appellees, which conclusively showed that the well was not needed to prevent either waste or confiscation. No motion for new trial was filed.

This assignment is overruled for the same reason as the first assignment in Roosth v. Shell, above.

The second assignment is the same as the second in Roosth v. Shell (asserting non-litigable interest of appellee) and is overruled for the same reasons.

The trial court's judgment is affirmed.

Affirmed.